IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC GEORGE GOLDEN, #B05324** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**ROB JEFFREYS,** )<br>**JOHN BALDWIN,** )<br>**JANET JAIMET,** )<br>**LARUE LOVE,** )<br>**CHRISTOPHER THOMPSON,** )<br>**PERCY MYERS,** )<br>**CHRISTINE BROWN,** )<br>**DAN VAREL,** )<br>**CHARLENE HALE,** )<br>**AMY BURLE,** )<br>**SARAH JOHNSON,** )<br>**LT. WALLS,** )<br>**LT. BAKER,** )<br>**OFFICER FLATT,** )<br>**ALISA DEARMOND, and** )<br>**WEXFORD HEALTHCARE CO.,** )<br>)<br>    **Defendants.** ) | Case No. 3:21-cv-01205-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eric George Golden, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center. This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### First Amended Complaint

Golden makes the following allegations in the First Amended Complaint (Doc. 11): Upon

arrival at Pinckneyville Correctional Center on September 13, 2017, Golden had a medical permit for "low bunk, low gallery, daily showers, waist chain, special boots/shoes, slow walk, supplies, shower chair, no stairs, no leg irons, extra mattress, and extra pillow." (*Id.*, p. 11). Dr. Myers issued an order on September 17, 2017 for a medical permit that included special boots/shoes. When the Pinckneyville medical permit was written, it did not include the boots, leg iron restriction, extra mattress, or extra pillow like his prior medical permit.

Golden complained about the missing items to an LPN in November 2017, but she only mentioned the extra pillow in the medical record. A few days later, he complained to another medical provider that he needed an extra pillow and mattress. Golden received a note from Christine Brown stating that his extra pillow and mattress had been ordered and should be received the next week. After a month, Plaintiff reached out to the cell house counselor, who responded stating the mattress and pillow had been ordered. He received an air mattress in December 2017, but the seam opened on the air mattress the night he received it. He was sleeping on the steel bedframe by the next morning.

Golden was taken to segregation for intimidation, threat, and disobeying a direct order on January 15, 2018. Lt. Wall told him that he could not keep his gym shoes. Golden told Wall he is an amputee with a medical permit for special boots/gym shoes, and he could not wear the state issued shoes. Lt. Wall called Christine Brown who stated that there was no medical reason for Golden to keep the gym shoes. For several days, Golden walked around with no shoes, which caused a painful callus to grow on his stump and placed him at risk for an infection. He could not maintain the cleanliness of his stump. He received a notice that there was no authorization or medical reason on file for the boots and that his prosthetic sleeves and prosthetic socks were deemed excessive by the healthcare unit.

Golden filed a grievance regarding the confiscation of his shoes. Grievance officer Flatt came to his cell and told him that he won the grievance. Flatt stated the boots would be placed in his property box, but they were not there when he was released from segregation. He wrote a letter to Warden Love about the boots. He filed another grievance on February 26, 2018, complaining that Flatt had advised him he won his grievance regarding the boots and they would be placed back in his property but that had not happened. Counselor Hess responded that the healthcare unit administrator stated there was no medical need for the boots as he had high top gym shoes.

Plaintiff was sent to PT Dan Varel for an assessment regarding his supplies including the boots. During the assessment, Varel noted no skin breakdown despite the fact that he had a large callus that was causing pain. Varel stated he did not see any justification for the boots, but deferred to a prosthetist's opinion.

Golden wrote a letter to Wardens Thompson and Jaimet on March 18, 2018 regarding his boots. Warden Thompson responded that the boots would be returned to Golden shortly and asked him to be patient. He received a response from Warden Jaimet stating "issue resolved." The ARB denied his grievance; Sarah Johnson and John Baldwin failed to correct the violation of his constitutional and ADA rights. He also received a letter from Christine Brown on May 16, 2018 stating he was not wearing his boots, which was a lie.

Golden was sent to unit 3 where Lt. Baker got angry because he was writing grievances and constantly complaining about his boots. One day, Lt. Baker decided Golden could no longer have "medical" showers with the other disabled prisoners. Instead, he had to shower with three other prisoners, with their private parts inches from his face because he sits on a low shower chair. Golden filed a grievance, which was denied by Amy Burle and John Baldwin. Lt. Baker continued harassing Golden and took him to segregation on false allegations.

Alisa Dearmond FNPC was used by security staff to change and manipulate records and permits. She discontinued Golden's waist chain permit because the Lt. wanted to put him in a blue box during a medical furlough. Grievance officer Charlene Hale did not investigate the grievance he wrote on the matter. There is a pattern of behavior promoted by Wexford medical providers to deny serious medical treatment.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:[1]

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Golden's serious medical needs by denying him of personal property he requires as an amputee. |
| Count 2: | Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and/or Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*. claim against Defendants for depriving Golden of personal property he requires as an amputee and denying him "medical" showers. |
| Count 3: | Fourteenth Amendment claim against Defendants for denying Golden's grievances. |
| Count 4: | First Amendment claim against Baker for taking away Golden's "medical" showers and taking him to segregation on false allegations. |
| Count 5: | Fourteenth Amendment claim against Baker for taking Golden to segregation on false allegations. |

## Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical

---

[1] Any claim mentioned in the First Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

4

needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Plaintiff will be allowed to proceed on the claim in Count 1 against Lt. Wall and Christine Brown for depriving him of proper footwear as an amputee while he was in segregation. However, the First Amended Complaint fails to allege facts suggesting deliberate indifference to a serious medical need by any other defendant and will be dismissed as to the remaining defendants..

### Count 2

Individual employees of IDOC cannot be sued under the ADA or RA; the proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 n.2 (7th Cir. 2012). The ADA confers rights on "qualified individual[s] with a disability" who are denied access to "services, programs, or activities of a public entity." 42 U.S.C. § 12132. While some courts have recognized access to showers as an activity under the ADA/RA, Plaintiff does not complain that he did not have *access* to showers. And he cannot state a claim related to improper treatment of his medical condition under the ADA/RA. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). Therefore, Count 2 will be dismissed.

### Count 3

Golden asserts a Fourteenth Amendment claim based on the denial of his grievances. Prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). And "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Accordingly, Count 3 will be dismissed for failure to state a claim.

**Count 4**

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). The allegations in the First Amended Complaint are sufficient to proceed on the retaliation claim in Count 4 against Baker.

**Count 5**

A false disciplinary ticket will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). There are no allegations in the First Amended Complaint regarding disposition of the disciplinary ticket. As such, Golden fails to state a claim under the Fourteenth Amendment, and Count 5 will be dismissed.

**Disposition**

Count 1 will proceed against Wall and Brown but is **DISMISSED** as to Jeffreys, Baldwin, Jaimet, Love, Thompson, Myers, Varel, Hale, Burle, Johnson, Baker, Flatt, Dearmond, and Wexford. Count 4 will proceed against Baker. Counts 2, 3, and 5 are **DISMISSED without prejudice.** Jeffreys, Baldwin, Jaimet, Love, Thompson, Myers, Varel, Hale, Burle, Johnson, Flatt, Dearmond, and Wexford are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to terminate them as parties.

The Clerk shall prepare for Wall, Brown, and Baker: (1) Form 5 (Notice of a Lawsuit and

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 28, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
