IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC GEORGE GOLDEN, #B05324**,<br><br>    **Plaintiff,**<br>vs.<br><br>**CHRISTINE BROWN,**<br>**LT. WALLS, and**<br>**LT. BAKER,**<br><br>    **Defendants.** | Case No. 3:21-cv-01205-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19). Plaintiff Eric George Golden filed a response. (Doc. 21). For the following reasons, the motion will be granted.

## Background

Plaintiff filed a *pro se* civil rights case pursuant to 42 U.S.C. § 1983 in the Central District of Illinois on February 9, 2021, which included claims against officials in Western Illinois Correctional Center and Pinckneyville Correctional Center (*Golden v. Jefferys*, Case No. 21-cv-3044). That court conducted a merits review of the Complaint on May 24, 2021, concluded that the Pinckneyville claims were not properly joined with those relating to Western, and directed Plaintiff to file a proposed complaint regarding his Pinckneyville allegations which would be transferred to this Court. (Docs. 4, 29 in Case No. 21-cv-3044). Plaintiff's Amended Complaint was transferred to this Court on September 30, 2021 and opened as the instant case. (Docs. 1, 2).

Upon initial merits review of the transferred Complaint, this Court designated four

claims and dismissed the Complaint without prejudice for failure to state a claim. (Doc. 10). Plaintiff filed his First Amended Complaint (Doc. 11), and the Court allowed the following claims to proceed:

> **Count 1:** Eighth Amendment claim against Defendants Wall and Brown for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying him of personal property he requires as an amputee – specifically, his footwear.[1]
>
> **Count 4:** First Amendment claim against Baker for taking away Plaintiff's "medical" showers and taking him to segregation on false allegations.

(Doc. 12, pp. 4-6).

## **Discussion**

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss if the allegations in the complaint contain everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Infor. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); FED. R. CIV. P. 12(b)(6). The motion to dismiss will be granted if the moving party shows there are no disputed issues of material fact and "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois' applicable statute of limitations is two years. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Federal

---

[1] The Court dismissed Plaintiff's claims against 14 other Defendants, including Alisa Dearmond, regarding other alleged deprivations. (Doc. 12, pp. 5-6).

2

courts also borrow the forum state's principles of tolling (suspension) of a statute of limitations. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992). Illinois statute requires tolling where "the commencement of an action is stayed by an injunction, order of the court, or statutory prohibition." 735 ILCS 5/13-216.

Federal statute prohibits the filing of a claim in court before a prisoner's relevant complaint is fully reviewed through the prison grievance procedure. 42 U.S.C. § 1997e(a). Thus, federal courts must toll the statute of limitations period while an inmate is exhausting their administrative grievances. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The tolling period starts when the prisoner files his grievance and ends when the administrative review process is over. *Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007).

Plaintiff's First Amended Complaint discloses that he filed a grievance over the January 2018 incident when Defendants Walls and Brown confiscated his special footwear (Count 1). (Doc. 11, p. 37). He appealed the matter to the Administrative Review Board ("ARB"), which denied the grievance on April 19, 2018. Plaintiff also grieved Defendant Baker's termination of his "medical" showers (Count 4), and the ARB issued its denial on September 13, 2018. (Doc. 11, p. 39).

Defendants argue that because Plaintiff did not file his original Complaint in the Central District of Illinois until February 9, 2021 – more than two years after he administratively exhausted his grievances in April and September 2018 – his claims are barred by the two-year statute of limitations. Plaintiff suggests that the "continuing violation" doctrine may apply to extend the time he had to file his original Complaint. He points to Grievance No. 527-02-19 regarding former Defendant Dearmond discontinuing his waist chain permit, which was denied by the ARB on March 26, 2019, and correctly notes that his filing of the instant lawsuit on February 9, 2021 fell

3

within the two-year statute of limitations period following the exhaustion of that issue. However, the Court dismissed that claim from the case. (Doc. 12, pp. 5-6). Consequently, the waist chain grievance does not serve to "continue" the violations that remain at issue regarding Plaintiff's footwear and showers.

The only records currently before the Court that relate to Counts 1 and 4 show that Plaintiff's relevant grievances were exhausted on April 19, 2018 and September 13, 2018. Thus, Plaintiff should have filed his claim for Count 1 no later than April 19, 2020, and for Count 2 by September 13, 2020. His February 9, 2021 filing of this action came after the expiration of the two-year statute of limitations, and was therefore untimely.

## Disposition

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 19) is **GRANTED**. The First Amended Complaint (Doc. 11) and this action are **DISMISSED** with prejudice as untimely filed. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See*

FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

**IT IS SO ORDERED.**

**DATED:  February 6, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**